IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIM NO. 21-CR-474-05 |
| KAYLI MUNN, ) | Judge: Howell |
| ) | |
| Defendant. ) | Sentencing Date: 10/21/22 |

**DEFENDANT KAYLI MUNN'S
MEMORANDUM IN AID OF SENTENCING**

COMES NOW Kayli Munn, by and through counsel, and submits the following memorandum in aid of sentencing.

## Background

On May 6, 2022, Ms. Kayli Munn entered a plea of guilty to one count of parading, demonstrating, or picketing in the United States Capital in violation of 40 USC § 5104(e)(2)(G), for actions that occurred on January 6, 2021. She was arrested July 13, 2021, and she has been on her personal recognizance during the entire time that this matter has been pending. She continues to be fully compliant with her release conditions. In addition, from the beginning of the case, she has been cooperative with law enforcement officials. From an early point, Kayli Munn indicated that she was willing to accept responsibility for her actions. However, agreed to plead guilty once her family agreed to enter their guilty pleas in tandem.

1

She is regretful for her actions and is willing to follow whatever sentence conditions placed upon her by this honorable court. Sentencing in this matter is scheduled for October 12, 2022.

Ms. Kayli Munn is 20 years old. She was 18 years old and was attending high school at the time of the offense and has had no prior criminal charges or convictions. She graduated high school while this case was pending, having completed the Foundation High School Program with a Distinguished Level of achievement from Borger High School in Borger, Texas. She is currently employed.

Despite the doubtless pressure of having a pending federal case during her final high school years, Kayli Munn nevertheless continued to strive hard at school and had several commendable achievements, both in academics and in extracurricular activities. Her primary focus and accomplishments beyond her academic studies in high school were in speech and debate as well as art. She was a member of the Borger High School chapter of the National Speech and Debate Association, where she received Superior Distinction recognition. A copy of the certificate is included as Exhibit 1. She also performed well in various speech and debate competitions and has also received letters from West Texas A&M University recognizing her various awards in those various speech and debate Tournaments: 1) first place in Domestic Extemporaneous Speaking; 2) first place in Informative

Speaking; 3) first in Informative Speaking; 4) first place in Original Oratory; and 5) two second place in Informative Speaking. Those letters from West Texas A&M University are included as Exhibit 2. She also received local news coverage for her speech and debate abilities by earning the National Speech and Debate Association's coveted Academic All-American achievement. Copies of those news articles are included as Exhibit 3. Kayli Munn also has interests in art, having received Certificates of Achievements for her works from the Texas Art Education Association. Those works involved media which dealt with serious issues such as bullying and domestic abuse. A copy of these certificates and descriptions of the works are included as Exhibit 4. Further, as confirmed by the PSR, she also was a member of the National Honors Society, a copy of the membership certificate is included as Exhibit 5.

  Ms. Kayli Munn is also currently employed as a nursing assistant at Patriot Placement & Recruitment in Amarillo, Texas. Her employment has been verified by the PSR writer, and Ms. Munn has worked there since June of 2021. Prior to that, the Ms. Munn worked as a bagger and checker at United Supermarkets in Borger, Texas from September 8, 2020, to June 29, 2021, which was also verified. Accordingly, this shows that as well as going to school during the pendency of this case, Kayli

Munn has also been employed. This further shows that Ms. Kayli Munn is a young adult who is very responsible for her age.

## Argument

### A. Statutory Penalty

The penalty for a violation of one count of 40 USC § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building, is six months imprisonment and/or a $5,000 fine. Since it is a Class B misdemeanor, the U.S. Sentencing Guidelines do not apply to that class of misdemeanor. *See* USSG §1B1.9. Accordingly, the United States Sentencing Guidelines do not apply in this matter, and therefore this honorable court may sentence her to any sentence the court deems appropriate, which may include a fully suspended sentence.

### B. Actions on January 6, 2021

The date of January 6, 2021, will forever be remembered in American history as a day in which the foundations of our democracy were shaken. There were many individuals who caused physical damage, assaulted police officers, and in many other ways disgraced the hallowed halls of the U.S. Capitol. However, Kayli Munn, and, indeed, the entire Munn family, were not some of those individuals.[1]

---

[1] The arguments made herein about Kayli Munn's lack of criminality while within the U.S. Capitol is in no way implying that Kayli Munn has not committed any crime or suggesting that she is innocent of any crime. Ms. Munn fully acknowledges and admits to the crime to which she pled guilty. The arguments made are for the purposes of distinguishing the acts (or lack of acts) of Kayli Munn and/or the Munn family in relation to other individuals who

4

In early January of 2021, Kayli Munn, along with some siblings and both parents, traveled from Texas to Washington D.C. to attend the "Stop the Steal" rally organized by then-President Donald Trump. Part of the trip also served as a family vacation, as the Munns were also planning to visit sites in and around Washington, D.C. On the date of the rally, January 6, 2021, the Munns traveled via the Metro to arrive at the rally occurring in Freedom Plaza in Washington, D.C. After attending the rally, the family followed the crowd towards the U.S. Capitol. The Munn family, upon arriving at the Capitol, saw individuals entering the U.S. Capitol through a window on the Senate side, and, improperly, followed suit.

While indeed they entered the Capitol wrongly (having entered and exited through a window broken by other individuals), while inside, none of the Munn family, including Kayli Munn, are alleged to have done anything that rose to a level of any assaultive or destructive behavior. While they did witness others acting inappropriately, such as seeing others physically engaging with law enforcement, physically engaging with law enforcement, neither Kayli Munn nor any of her family members participate similarly in that way at any time. The entire Munn family was in the U.S. Capitol for less than an hour, entering at approximately 2:25 p.m. and leaving at approximately 3:17 p.m. Statement of Facts (Dkt. 1-1) at 12, 22. At no time does the government even allege to have acted in any violent way, caused any

---

were in the U.S. Capitol that day.

damage, or acted inappropriately towards any law enforcement officer while Kayli Munn was in the U.S. Capitol.

In addition to the Munn family in general not acting inappropriately while in the U.S. Capitol (other than for the charge to which they pled guilty), an additional note should be made about Kayli Munn herself. As the court may be aware, Ms. Kayli Munn was the youngest of the Munn family to be charged, as she was the youngest adult who was charged.[2] Ms. Munn came on the trip willingly, but she was not the coordinator of the trip, being accompanied by her parents. To be clear, she was a willing participant, and does not deny her personal culpability in this matter, but her involvement was not as an organizer, but rather a young adult accompanying her family to a rally and inappropriately joining them as they all entered into the U.S. Capitol. Indeed, her actions and reactions both during and afterward appear more of an excited sightseer than as a political activist. In one picture provided by the government, Kayli Munn is seen using her camera to film her time in the U.S. Capitol. (Figure 1)

---

[2] A younger sibling of Kayli Munn, who was a juvenile on that date, was with the Munn family but was not charged. Kayli Munn was the next youngest child.



*Figure 1 – Kayli Munn filming on her cell phone while in the Capitol*

In addition, afterward, Kayli Munn's reactions were more of wonder than of making any sort of political statements. In a Facebook post relating to the events of January 6, a friend asked, "How's the March." Instead of making any sort of political statement, Kayli Munn, with a certain level of naivete (and somewhat coarse language) honestly replied, "Fucking great! Holy shit we were inside the fucking capital!" Kayli Munn comments and suggests her sentiments and motivations are more of a wide-eyed young tourist than of a political activist. Accordingly, Ms. Munn's actions suggest that her entry and actions were not in any way subversive.

As this court knows, in determining a sentence, the court needs to consider the factors under 18 U.S.C. § 3553(a), this court should consider the following: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and provides the defendant with needed educational or vocational training and medical care; and (4) the need for the sentence to avoid unwarranted disparities among defendants with similar records convicted of similar conduct. *See* 18 U.S.C. § 3553(a). In that regard, the defense provides some additional factors for the court to consider. As described above, Ms. Kayli's actions on that day did not involve any violence, destruction, disrespect to legal authorities, or even any inflammatory speech or actions. Furthermore, Ms. Kayli Munn has no criminal record, even as a juvenile. Quite the contrary, she is a bright young lady who was an honors student with a potential for a good future ahead of her. She is also currently employed helping others as a nursing assistant at Patriot Placement & Recruitment in Amarillo, Texas. It is her desire to maintain her job, and any period of incarceration would obviously cause an interruption which could cause the loss of her job. Finally, givens the actions (and inactions) of Kayli Munn on January 6th, a probationary sentence would be sufficient. In reviewing the chart provided by the

8

government as an attachment to their sentencing memorandum (Dkt 105-1), it appears that of all the defendants sentenced under of 40 USC § 5104(e)(2)(G) – and only that charge – over one-third of the defendants did not receive a fully suspended sentence, usually with some hours of community service.

Given the circumstances of Kayli Munn - her lack of criminal record, her compliance with her pretrial conditions, her nonviolent behavior within the Capitol, her age, and her employment – Ms. Munn would respectfully request a fully probationary sentence with hours of community service if the court feels it is appropriate. Ms. Munn is very young and has accepted full responsibility in this case. This has been a valuable lesson and is one to never be repeated. She has a low chance of recidivism, and this matter has been a very disrupting, stressful situation in her life. She is very remorseful for her actions, and as she has done to date, she will obey any orders or conditions placed upon her by this court. It is Ms. Munn's hope that those conditions be limited to probation, community service, and the $500 fine that she has agreed to pay.

WHEREFORE, for the reasons stated above, Defendant Kayli Munn respectfully requests for a probationary sentence with all jail time suspended and community service if the court deems it appropriate.

Respectfully submitted,

KAYLI MUNN
By Counsel

　　/s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Kayli Munn
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

10

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 30th day of September, 2022, which will send a notification of such filing (NEF) to the following to all counsel of record.

   /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Kayli Munn
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com